NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0146n.06

No. 21-3385

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUITF

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Apr 06, 2022<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| DEVON KEHOE, | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SUHRHEINRICH, MOORE and CLAY, Circuit Judges.

SUHRHEINRICH, Circuit Judge. Defendant Devon Kehoe pleaded guilty to conspiracy to possess with intent to distribute and to distribute controlled substances, possession with intent to distribute cocaine, and witness tampering. On appeal Kehoe argues that he was denied effective assistance of counsel during the sentencing process. Because the record is not sufficiently developed to address this issue on direct appeal, we affirm Kehoe's convictions and sentence.

**I.**

In January 2019, Kehoe and codefendant Daniel Perstin met in California to transport a shipment of drugs from California to the Northern District of Ohio. They rented two vehicles and had a third person drive the vehicle with the drugs while they followed in the second vehicle. Utah State Highway Patrol pulled over the first vehicle and seized 1.98 kilograms of cocaine, 480 grams of methylenedioxymethamphetamine (MDMA), and 380 grams of ketamine.

In the ensuing months, the Federal Bureau of Investigation (FBI) used confidential informants, physical surveillance, court-authorized wire taps, and other investigative techniques to investigate Kehoe's drug trafficking activities. Between November 2019 and February 2020 Kehoe sold tetrahydrocannabinol (THC), cocaine, and MDMA to confidential informants. On February 13, 2020, agents executed search warrants at two locations associated with Kehoe and one at Perstin's residence. They seized additional quantities of cocaine, MDMA, firearms, large amounts of cash, multiple cell phones, and a kilogram drug press.

Kehoe was arrested and charged in a criminal complaint with conspiring to distribute controlled substances, possessing with intent to distribute controlled substances, and distributing controlled substances. The district court released Kehoe on bond, with the conditions that he was not to commit any criminal offenses or have contact with certain potential codefendants. That order was later amended to allow Kehoe to speak with his fiancé (who was pregnant with Kehoe's child) and to accompany her to medical appointments.

Kehoe was indicted for conspiracy and multiple substantive offenses for possessing and distributing THC, MDMA, and cocaine. On June 5, 2020, while on bond, Kehoe sent several threatening messages to potential trial witnesses. Days later, officers executed an arrest warrant and a search warrant at Kehoe's home. They seized 1,240 squares of LSD from Kehoe's bedroom. They also discovered that Kehoe was sharing his bedroom with his fiancé, in violation of his bond conditions. The district court revoked Kehoe's bond.

A grand jury later returned a superseding indictment; it retained the previously charged counts and added one count of tampering with a witness by physical force or threat, and one count of interstate communication of a threat to injure. Kehoe pleaded guilty, pursuant to a plea agreement, to three of the ten counts: conspiracy to possess with intent to distribute and to

distribute controlled substances, in violation of 21 U.S.C. § 846; possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and tampering with a witness, victim, or informant by physical force or threat, in violation of 18 U.S.C. § 1512(a)(2)(A). The parties agreed to disagree about the sentence and sentencing range, and that "[e]ach party [would be] free to recommend whatever sentence it believes to be appropriate." Kehoe generally waived his right to challenge his convictions and sentence, but he reserved his right, among other things, to pursue ineffective assistance of counsel claims on appeal or otherwise.

Kehoe filed a sentencing memorandum, under seal, outlining the bases for his downward variance request under 18 U.S.C. § 3553(a). Kehoe also offered other mitigating factors—his lack of criminal history, his family stability (as attested to by ten attached character letters), and his substance abuse. He later filed supplemental character letters from his father and a friend.

At the sentencing hearing, which was not conducted under seal, the district court found that Kehoe's total offense level was 31, after two two-point enhancements to the base offense level of 30 for possessing a firearm and obstruction of justice and a three-point reduction for acceptance of responsibility. That, combined with a criminal history category of I, yielded an advisory Guidelines range of 108 to 135 months. The government asked for a sentence within the Guidelines. Kehoe requested a sentence of 63 to 78 months. Kehoe's counsel described the "sentencing memo"—in combination with the PSR—as "the basis of [his] argument." He stated: "And the Court I'm sure has read that. I'm not going to go into the details in there. . . . [T]here's a lot of details in there I want the Court to take into consideration, as well." Counsel then addressed the character letters, which reflected Kehoe's "very good qualities," including his respectful, kind, and cooperative manner.

The district court weighed the 18 U.S.C. § 3553(a) factors and sentenced Kehoe to a term of 110 months, at the low end of the Guidelines range. The court emphasized the large number of guns, the large amounts of drugs, and the "intimidation and threats" to potential witnesses. The court factored in Kehoe's lack of criminal history and "significant drug dependency," but also noted that Kehoe, though 32, had never had a job, and that he had "gr[own] up in a privileged background" with "tremendous family support." The district court did not discuss Kehoe's request for a variance outlined in the sentencing memorandum.

When asked, Kehoe's counsel responded that he had no objections to the sentence imposed. This timely appeal followed.

**II.**

Although Kehoe reserved the right to appeal ineffective assistance of counsel claims, we decline to address the issue here. To succeed, Kehoe must establish that his attorney's performance was deficient, and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687–88, 692 (1984). We review ineffective assistance of counsel claims de novo. *United States v. Coleman*, 835 F.3d 606, 612 (6th Cir. 2016). However, such claims are generally better suited for "collateral review because the record on direct appeal is often insufficient to assess the merits of the claim." *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012) (collecting cases stating the general rule). Thus, we address an ineffective assistance claim on direct appeal "[o]nly in the rare case that would not benefit from further record development." *Coleman*, 835 F.3d at 612.

This is not that rare case. The record is silent concerning Kehoe's counsel's strategy at the sentencing hearing to focus on Kehoe's family support instead of the grounds for a variance developed in the sentencing memorandum. *See United States v. Rafidi*, 730 F. App'x 338, 342–43 (6th Cir. 2018) (declining to address the defendant's claim that counsel was ineffective by

declining to argue for a concurrent sentence or downward variance because there was no affidavit or testimony from the defense counsel concerning his strategy). We therefore have "no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Thus, we cannot tell whether counsel's performance fell outside "prevailing professional norms," *Strickland*, 466 U.S. at 690, and "that there is a reasonable probability that, but for counsel's unprofessional error[]," *id.* at 694, the outcome would have been different. Kehoe's ineffective assistance claim is better suited for resolution under 28 U.S.C. § 2255. *Rafidi*, 730 F. App'x at 343.

### III.

Because we conclude that Kehoe's ineffective assistance of counsel claim is more appropriately brought in a 28 U.S.C. § 2255 proceeding, we affirm Kehoe's convictions and sentence.